IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN WALTER RIGGINS, Administrator of the Estate of NELLIE DONITHAN RIGGINS, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | 1:16CV1213 |
| SSC YANCEYVILLE OPERATING COMPANY, LLC., d/b/a BRIAN CENTER HEALTH & REHABILITATION/ YANCEYVILLE, SAVASENIORCARE, LLC., and LIVING CENTERS-SOUTHEAST, INC., Defendants. | ) ) ) ) ) ) ) ) | |

**<u>MEMORANDUM ORDER</u>**

This matter comes before the Court on Defendant SavaSeniorCare, LLC's ("SAVA") Motion to Dismiss ("Motion") [Doc. #15] for lack of personal jurisdiction. The Court notes that the clerk of court mailed Plaintiff's counsel notifying him that a motion to dismiss was filed and that no response had yet been filed. (November 16, 2016 Letter [Doc. #21].) Despite this, Plaintiff John Walter Riggins failed to respond to SAVA's motion, and the time to do so has passed. Under Local Rule 7.3(k), a motion that is uncontested may be granted without further notice. Regardless, an examination of the merits leads to the conclusion that the motion should be granted.

Mr. Riggins commenced this personal injury and wrongful death action on behalf of his wife's estate by filing a Complaint [Doc. #9] in Forsyth County,

Superior Court Division, on September 7, 2016[1] against SSC Yanceyville Operating Company, LLC d/b/a Brian Center Health & Rehabilitation/Yanceyville ("SSC Yanceyville"), SAVA, and Living Centers-Southeast, Inc. ("Living Centers").  On October 2, 2016, SSC Yanceyville removed the action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a).  [Doc. #1.]  SAVA filed its Motion and corresponding Memorandum on October 14, 2016.  [Docs. #15, 16.]  Pursuant to a Joint Stipulation of Dismissal [Doc. #19] filed on October 19, 2016, Living Centers is no longer a party to this action.

Mrs. Riggins was a resident of the Brian Center in Yanceyville, North Carolina from 2007 until her death in September 2014.  (Compl. [Doc. #9] ¶¶ 13, 22.)  According to the Complaint, Mrs. Riggins suffered from Alzheimer's disease and, as such, was dependent on the Brian Center for all her basic needs including feeding, dressing, and medicine administration.  (Id. ¶¶ 18-19.)  On September 3, 2014, Mrs. Riggins was brought to the Danville Regional Medical Center where she was admitted for sepsis.  (Id. ¶¶ 22-23.)  She passed away four days later.  (Id. ¶29.)  After her death, Mrs. Riggins' family learned that two months earlier, at the Brian Center, she had been diagnosed with oropharyngeal dysphasia.  (Id. ¶ 30.)  This diagnosis necessitated that she be put on a diet of nectar thickened liquids which allegedly was never done.  (Id. ¶¶ 30-31.)  According to the Complaint, because she was not placed on the proper diet, Mrs. Riggins suffered from

---

[1] The original state court action was 12CVS254.

-2-

Case 1:16-cv-01213-NCT-JLW   Document 22   Filed 01/26/17   Page 2 of 8

continuous aspirations which led to pneumonia, sepsis, and ultimately, her death. (Id. ¶ 32.) Mr. Riggins filed the present lawsuit against all three defendants because all "[d]efendants at all times relevant . . . conducted business in North Carolina as the licensee, provider, and/or manager of nursing services to residents of The Brian Center." (Id. ¶ 7.) Specific to SAVA, the Complaint alleges that it is a Delaware limited liability company with its principal office and registered agent in Georgia. (Id. ¶ 2.) The allegations in the Complaint all involve Mrs. Riggins care at the Brian Center. However, other than the generalization that all three defendants are the licensee, provider, and/or manager of nursing services at the Brian Center, there are neither other allegations specific to SAVA nor any explanation of what SAVA's relationship to other parties nor its role to the occurrences alleged in the Complaint.

SAVA argues that this Court does not have personal jurisdiction over it. In support of its position, SAVA submitted the affidavit of its Assistant Corporate Secretary, Wynn G. Sims. (Sims Aff. [Doc. #16-1].) Sims avers that SAVA is a Delaware holding company for the "stock and interest of various direct and indirect subsidiaries." (Id.) Sims further avers that SAVA:

- has never had any business operations, offices, or employees in North Carolina,
- has never had any operations, offices, or a place of business in North Carolina, including the facility in this case,
- does not own any real or personal property in the State of North Carolina,
- is not, and has never been, a resident of North Carolina and has never maintained an address or phone number in North Carolina,
- has never contracted to supply services or materials in North Carolina,

- is not, and never has been, registered to do business in North Carolina,
- does not, and never has, engaged in any business advertising or the performance of any services in North Carolina,
- does not pay taxes and has not filed tax returns in North Carolina,
- does not own or lease any equipment in North Carolina, and
- does not maintain accounts with any financial institutions in North Carolina.

(Id. at 2.) In sum, SAVA asserts that it has never "availed itself of the jurisdiction of courts in North Carolina." (Id.) More specifically, according to Sims, SAVA never owned nor operated the Brian Center nor did it exert any control of the operations there. (Id. at 3.) Furthermore, SAVA never has been the licensee of the Brian Center, and none of the Brian Center staff is employed by SAVA. (Id.)

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing." New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, n.5 (4th Cir. 2005) (citing Production Group Int'l v. Goldman, 337 F.Supp.2d 788, n. 2 (E.D.Va. 2004)). "But when . . . the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Id. at 294 (citations omitted) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989), and In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997).) "Under such circumstances, courts 'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume

credibility, and draw the most favorable inferences for the existence of jurisdiction.'" Id. (quoting Combs, 886 F.2d at 676.)

Personal jurisdiction gives a court the authority to determine the rights and liabilities of a person or entity involved in a lawsuit. However, personal jurisdiction must comport with due process. "The Due Process Clause [of the United States Constitution], by ensuring the orderly administration of the laws, gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

"In examining whether the exercise of jurisdiction is reasonable, a distinction is made between specific and general jurisdiction. When the cause of action arises out of the defendant's contacts with the forum, a court may seek to exercise specific jurisdiction." Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory", 283 F.3d 208, 213 (4th Cir. 2002). To decide whether specific jurisdiction exists, a court examines "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004).

The initial inquiry, purposeful availment, "is grounded on the traditional due process concept of 'minimum contacts[.]'" Universal Leather, LLC v. Koro AR,

-5-

Case 1:16-cv-01213-NCT-JLW   Document 22   Filed 01/26/17   Page 5 of 8

S.A., 773 F.3d 553, 559 (4th Cir. 2014). In the business context, courts analyze "various nonexclusive factors" to determine if a defendant has purposefully availed itself of the privilege of conducting activities in the state, including, but not limited to:

- whether the defendant maintains offices or agents in the forum state,
- whether the defendant owns property in the forum state,
- whether the defendant reached into the forum state to solicit or initiate business,
- whether the defendant deliberately engaged in significant or long-term business activities in the forum state,
- whether the parties contractually agreed that the law of the forum state would govern disputes,
- whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship,
- the nature, quality and extent of the parties' communications about the business being transacted, [and]
- whether the performance of contractual duties was to occur within the forum[.]

Consulting Eng'gs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (citations omitted). Although several of these factors involve the physical presence of a defendant in a forum state, "[s]o long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, [the Supreme Court has] consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

Mr. Riggins has not met his burden of making out a prima facie case of specific jurisdiction. In looking at the first factor, Mr. Riggins has not presented

evidence of a single instance of SAVA purposely availing itself of the privilege of doing business in North Carolina.  In the Complaint, he alleges that SAVA, a Delaware Limited Liability Company, was a "licensee, provider, and/or manager of nursing services to residents and patients at [t]he Brian Center." (Compl. [Doc. #9] ¶¶ 5,7.)  In response, SAVA's Assistant Corporate Secretary explained that not only is SAVA not the owner, operator, or manager of anything at the Brian Center, but that it does not employ any Brian Center staff.  Furthermore, SAVA does not have any presence in North Carolina whatsoever nor has it ever done any business in North Carolina.  SAVA has no employees in North Carolina and no property there.  Because Mr. Riggins has not responded to SAVA's Motion, he has not presented any evidence to controvert SAVA's averments.  There is nothing before this Court to evidence SAVA having had any contacts at all in North Carolina and certainly nothing to suggest "minimum contacts."  As such, there is nothing to support a finding that specific jurisdiction exists.  Consequently, Mr. Riggins has not met his burden as to specific jurisdiction.

Not only is there no specific jurisdiction over SAVA, but there is also no general jurisdiction over SAVA. Corporations are subject to general jurisdiction in any state where "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919  (2011).  A corporation's "place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction."  Daimler AG v. Bauman, 134 S.Ct. 746, 760

-7-

Case 1:16-cv-01213-NCT-JLW   Document 22   Filed 01/26/17   Page 7 of 8

(2014). It is the "exceptional case" when a court exercises general jurisdiction in a forum outside of those paradigm bases.  Id. at n.19.

The allegations in the Complaint as to SAVA do not suggest that its affiliation with North Carolina is so continuous and systematic as to render it at home in North Carolina.  This becomes more apparent when considering SAVA's affidavit disavowing any connection to North Carolina.  SAVA is not incorporated in North Carolina nor does it have its primary place of business here.  It is a "non-residential limited liability company," which operates as "a holding company having no business operations, offices or employees in the State of North Carolina." (Mem. [Doc. #16] at 1-2.)  As above, because Mr. Riggins has failed to respond to SAVA's evidence with his own, there is nothing before the Court suggesting that SAVA is "at home" in North Carolina nor that SAVA has any contacts let alone "continuous and systematic" ones.  Mr. Riggins has not met his burden as to general jurisdiction.  For these reasons, there is nothing to support a finding that either specific or general jurisdiction exist in the present action.

For the reasons set forth herein, **IT IS HEREBY ORDERED** that SavaSeniorCare, LLC's Motion to Dismiss [Doc. #15] is **GRANTED**.

This the 26th day of January, 2017.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge